UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN TUNG, ) | |
| ) | |
| Plaintiff, ) | Case No. 14 CV 4699 |
| v. ) | |
| ) | |
| MICHAEL SEARS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(3) FOR IMPROPER VENUE**

NOW COMES Defendant, MICHAEL SEARS, by and through its attorneys, BELLAS & WACHOWSKI, and in support of his Motion to Dismiss Plaintiff's Complaint, submits as follows:

**INTRODUCTION**

Plaintiff's claim arises from the Defendant's actions as a whistleblower for an action involving the Security and Exchange Commission ("SEC") under the Securities Whistleblower Incentives and Protection provisions of the Dodd Frank Act.

The Defendant does not reside in Illinois and has no connection to Illinois whatsoever.

The Defendant became aware of a scam involving the sale of interests in a convention center project being built in Chicago and filed notice with the SEC of the scam in Washington D.C. After the SEC successfully recovered over $150 million for the investors, the Defendant learned that he would be awarded a monetary award for his actions. Upon learning of Defendant's award, Plaintiff is now seeking a piece of Defendant's award.

Plaintiff filed the instant action alleging breach of fiduciary duty (Count I), promissory estoppel (Count II), breach of implied contract (Count III), and accounting and constructive trust (Count IV). Illinois is not a proper venue because a substantial portion of the events giving rise

to Plaintiff's claims did not occur in Illinois. As such, Plaintiff's Complaint should be dismissed. A true and correct copy of Plaintiff's Complaint is attached hereto marked as "**Exhibit A**" and incorporated herein by reference.

## STANDARDS FOR CONSIDERATION OF THE MOTION

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a case that a plaintiff filed in an improper venue. Fed. R. Civ. P. 12(b)(3). It is the plaintiff's burden to establish proper venue. *International Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 222 (7th Cir. 1981), citing *Grantham v. Challenge-Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). The burden can only be met by making a prima facie showing that venue is proper. *Sanderson v. Spectrum Labs, Inc.*, 2000 WL 1909678, at *3 (7th Cir. Dec. 29, 2000).

When ruling on a Rule 12(b)(3) motion, the court need not take the allegations in the complaint as true if contradicted by affidavit. *Nagel v. ADM Investor Services, Inc.*, 995 F.Supp. 837, 843 (N.D. Ill. 1998).

## ARGUMENT

The Plaintiff has set forth 28 U.S.C. § 1391(b) as the basis for venue, which provides that venue is proper if a substantial portion of the events giving rise to the claim occurred in Illinois. *See* Plaintiff's Complaint, ¶ 5. The venue provisions were amended in 2012 as part of the 2012 amendments. 28 U.S.C. § 1390 now governs venue in federal courts. 28 U.S.C. § 1391(a) provides the §1391 governs venue for all civil actions except where there are special venue provision in an act.

Where jurisdiction is founded solely on diversity of citizenship, venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a).

Plaintiff must establish that substantial events or omissions occurred in this district since Defendant resides in Virginia. Defendant is a resident of and domiciled in Alexandria, Virginia and has been since 1994. *See* Affidavit of Defendant Michael Sears attached hereto marked as "**Exhibit B**" and incorporated herein by reference.

Defendant is one of the members of a limited liability company known as Capital Area Regional Center Job Fund, LLC ("CARc"). *See* Exhibit B, ¶ 3. Defendant's ownership interest in CARc is 45%. *Id.* Plaintiff John Tung also holds a 45% interest and Mike Kolodner (not a party to this action) holds a 10% ownership interest. *Id.* Defendant is also one of the members of a limited liability company known as Global Capital Markets Advisors, LLC ("GCMA"). *Id.* at ¶ 4. CARc is a Delaware entity while GCMA's is registered in the Commonwealth of Virginia whose sole place of business is in Alexandria, Virginia. CARc is a shell entity managed solely by GCMA. *See* Exhibit B, ¶ 5. While Plaintiff is a member of these two entities, he is a passive investor and has little to do with the day-to-day activities of the entities. *Id.* at ¶ 6.

While traveling to China Defendant learned of a potential fraud being perpetrated by individuals who were selling interests in a project located in Chicago known as the "Chicago Convention Center" and personally filed notice of the possible fraud with the Security and Exchange Commission (the "SEC") thru their website and thru the SEC offices in Washington D.C. *Id.* at ¶ 7. Defendant was the only person who had contact with the SEC during the course of its investigation and helped develop the case for the SEC. *Id.*

All of these activities and contacts occurred in either the Peoples Republic of China or the Washington D.C. area which eventually led to the filing of a civil action in the U.S. District Court, Northern District of Illinois, Eastern Division, captioned *United States Securities and Exchange Commission, Plaintiff, vs. A Chicago Convention Center, LLC, Anshoo R. Sethi, and Intercontinental Regional Center Trust of Chicago, LLC, Defendants,* case no. 13-CV-982. See Exhibit B hereto, ¶ 8. Defendant was not a party to that action and was not involved in the action filed in the Northern District of Illinois, Eastern Division.

Plaintiff John Tung had nothing to do with the case filed by the SEC other than engaging in casual conversations with Defendant and taking pictures of the investment project in Chicago. *Id.* at ¶ 9. In fact the case filed by the SEC was opened after Defendant filed a whistleblower complaint with the SEC in Washington, D.C., and Defendant did not discuss the filing with John Tung or Mike Kolodner until he was notified by the SEC that they were interested in pursuing the matter. *Id.* at ¶ 10.

Defendant's sole contact with John Tung relative to their relationship and investments in CARc and GCMA have been thru emails, telephone calls, or through the offices of CARc and GCMA in Alexandria, Virginia. *Id.* at ¶ 11. None of Defendant's conversations with John Tung relative to the SEC matter took place in Illinois until after the SEC granted Defendant a whistleblower award on September 30, 2013. *Id.* at ¶ 13. After Defendant received the award for his personal involvement did he meet with John Tung at O'Hare International Airport to discuss his demands for a share in the awarded funds. *Id.* This meeting is the only event relative to this matter that took place in Illinois.

All of Plaintiff's claims involving his relationship and dealings with the Defendant occurred in Virginia where Defendant resides. Any alleged breaches of fiduciary duty or breach of implied contract by the Defendant would have happened in Virginia since that is where the

parties' business operates. Plaintiff's Complaint simply fails establish facts to justify venue in this District.

In order for this Court to be a proper venue a substantial portion of the events giving rise to Plaintiff's cause of action must have occurred in this District. Plaintiff's Complaint makes it abundantly clear that they did not. Thus, Illinois is not a proper venue and Plaintiff's Complaint should be dismissed.

## CONCLUSION

Based on the foregoing, Illinois is not the proper venue because a substantial portion of the events giving rise to Plaintiff's claims did not take place in Illinois, and this Court should dismiss the Complaint for lack of proper venue.

Dated: July 15, 2014.

Respectfully submitted,

MICHAEL SEARS, Defendant

By: _____/s/_____
GEORGE S. BELLAS,
One of Defendant's Attorneys

BELLAS & WACHOWSKI
Attorneys for Defendant
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030
ARDC No. 0163589