**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN TUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 4699 |
| v. | ) | |
| | ) | |
| MICHAEL SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S EMERGENCY MOTION TO SEAL THE FILE**

NOW COMES the Defendant, MICHAEL SEARS, by and through his attorneys, BELLAS & WACHOWSKI, and respectfully petitions this Court to enter an Order sealing the file pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and in support thereof, submits as follows:

1. On June 23, 2014, Plaintiff filed his Complaint. A true and correct copy of the Complaint is attached hereto marked as "**Exhibit A**" and incorporated herein by reference.

2. The underlying SEC action involved the defrauding of investors of $156 million relating to a visa and immigration scam using the EB-5 program (which allows foreign investors to seek immigration status in the U.S.) to lure investors into investing in a convention center construction project in Illinois.

3. A true and correct copy of the SEC Complaint in Case Number 13 CV 982 is attached hereto marked as "**Exhibit B**" and incorporated herein by reference.

4. Defendant in the instant action was the whistleblower in the underlying SEC action. Defendant initiated the contact with the SEC, referred or provided the SEC with resources and knowledge of the matter, all of which eventually led to the recovery of all of the investors' funds. As a result, Defendant was awarded an SEC whistleblower award for his actions in uncovering

and revealing the scam in the SEC action. Plaintiff's Complaint is seeking a portion of that award as his relief.

5. The public disclosure of the Defendant's identity and other personal information disclosed in Plaintiff's Complaint being made as part of a public record puts the Defendant in jeopardy for his personal safety and the safety of his family.

6. This Court has the authority to seal the file. Upon a showing of good cause the court can seal any part of the record of a case. *Federal Trade Comm'n v. OSF Healthcare System* (N.D. Ill. 2012) citing to *Citizens First Nat'l Bank v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

7. Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including…forbidding the disclosure or discovery, requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs. Fed. R. Civ. P. 26(c)(1)(A), (H).

8. In the aftermath of the 2008 financial crisis, Congress, acknowledging the value of whistleblowers, sought to incentivize and protect whistleblowing employees by enacting Section 922 of the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank"). Reacting to the financial crisis of 2008, Congress enacted Dodd-Frank to increase the regulatory oversight of financial institutions and to prevent future fraud. In furtherance of these broad objectives, Section 922 (codified at 15 U.S.C. §78u-6) of the Act is intended to encourage individuals to report violations of the U.S. securities laws. Functionally, 15 U.S.C. §78u-6 encourages whistleblowing by providing three incentives: (1) monetary awards for a tipster who reports information to the SEC leading to a successful enforcement action; (2) protection against

retaliation whereby employers are prohibited from firing or demoting whistleblowers for engagement in any of a list of protected actions; and (3) maintaining the confidentiality of the tipster with few exceptions (such as the Confrontation Clause of the US Constitution) (*See* §§ 78u-6(b), 78u-6(h)).

9. Section 78u-6(h)(2) of the Act states, in pertinent part, as follows:

> **(2) Confidentiality**
> **(A) In general**
> Except as provided in subparagraphs (B) and (C), the Commission and any officer or employee of the Commission shall not disclose any information, including information provided by a whistleblower to the Commission, which could reasonably be expected to reveal the identity of a whistleblower, except in accordance with the provisions of section 552a of title 5, unless and until required to be disclosed to a defendant or respondent in connection with a public proceeding instituted by the Commission or any entity described in subparagraph (C). For purposes of section 552 of title 5, this paragraph shall be considered a statute described in subsection (b)(3)(B) of such section.
> **(ii) Confidentiality**
> **(I)** In general. Each of the entities described in subclauses (I) through (VI) of clause (i) shall maintain such information as confidential in accordance with the requirements established under subparagraph (A).
> **(II)** Foreign authorities. Each of the entities described in subclauses (VII) and (VIII) of clause (i) shall maintain such information in accordance with such assurances of confidentiality as the Commission determines appropriate.

10. In order to effectuate the legislative intent behind the Dodd-Frank Act and protect the whistleblower, the whistleblower's identity is kept confidential. The filing of Plaintiff's Complaint has made Defendant's identity public knowledge. Given the nature of the persons involved in the SEC action, the disclosure of the Defendant's name poses a threat to the Defendant and his family and violates the legislative intent behind the Dodd-Frank Act.

11. A whistleblower establishes a secure, confidential link through the SEC website in order to start the process. The form that is submitted is saved solely on the SEC website, along with a

statement that the material being received is confidential. All interviews between the whistleblower during the investigation are confidential. The Defendant was reassured many times during the process that his identity was being kept confidential. The SEC further assured the Defendant that even when the SEC announcements were released regarding the whistleblower action that his name would remain confidential and would not be disclosed or published.

13. The only way to protect the Defendant and effectuate the intent behind the Dodd-Frank Act is to seal the file and it in the best interest of all Defendant that this file be sealed.

14. Defendant's counsel has spoken to Plaintiff's counsel regarding this motion and Plaintiff's counsel is not opposed to the sealing of the file.

WHEREFORE, Defendant respectfully requests that the Defendant's Motion to Seal the File be granted and remain sealed in the future and that this Court enter a Protective Order and provide any and all further relief this Court deems just and appropriate under the premises.

Dated: July 15, 2014.

Respectfully submitted,

MICHAEL SEARS, Defendant

By: _____/s/_____
GEORGE S. BELLAS,
One of Defendant's Attorneys

BELLAS & WACHOWSKI
Attorneys for Defendant
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030