**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN TUNG, | ) | |
| Plaintiff, | ) | Case No. 14 CV 4699 |
| v. | ) | |
| | ) | |
| MICHAEL SEARS, | ) | |
| Defendant. | ) | |

___

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT

NOW COMES the Defendant, MICHAEL SEARS, by and through his attorneys, BELLAS & WACHOWSKI, and petitions this Court for a more definite statement or, in the alternative, to dismiss the complaint of Plaintiff, states as follows:

Plaintiff's Complaint is an unintelligible assortment of confusing statements. While ostensibly bringing a claim for breach of contract, Plaintiff dedicates his complaint to unrelated allegations. The claim sounds like the claims of co-workers who are trying to claim a portion of a co-worker's lottery winnings because they work together. Plaintiff's allegations go so far as to suggest that he is somehow responsible for the origin of the whistleblower claims for which Michael Sears was compensated. Plaintiff does not allege the existence of a contract, so the basis for the claims are unclear. Defendant Michael Sears cannot reasonably prepare a response, and, therefore, moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In the alternative, Defendant moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and failure to state a claim.

**I.     STATEMENT OF FACTS ALLEGED**[1]

1. Plaintiff Tang ("Tang") is a citizen of and domiciled in the State of Illinois.

---

[1] Defendant assumes the truth of the facts alleged in the Complaint, as it must, only for purposes of this Motion to Dismiss. *See Dawson v. Newman*, 419 F.3d 656, 658 (7th Cir. 2005).

(Compl. ¶ 2.)

2. Tang and Sears are shareholders in two closely held businesses which operate in State of Virginia. (Compl. ¶¶ 6-8.)

## II. ARGUMENT

### A. Plaintiffs Must Clarify Their Claims To Give Defendant A Fair Opportunity To Respond, Pursuant To Rule 12(e).

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion under Rule 12(e) is appropriate where—as in this case—the "pleading fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). HCSC is unable to identify the claims to which it should respond as they are currently pled. *Piphus v. Chicago Police Dep't*, 2013 WL 3975209, at *3 (N.D. Ill. Aug. 1, 2013) (stating that a 12(e) motion is appropriate where "the movant can show that additional information is essential to enable preparation of a response").

### B. Plaintiff's Complaint Should Be Dismissed With Prejudice, Pursuant To Fed.R.Civ.P 12(b)(6).

While Sears is not certain what claims Plaintiff is bringing against him, Sears moves in the alternative for dismissal with prejudice. Plaintiff cannot state a claim for anything related to the whistleblower reward because no contract existed to share the proceeds of the reward.

1. Plaintiff cannot state a claim under any legal theory.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the plaintiff must include in the complaint "enough fact to raise a reasonable expectation that discovery will reveal evidence" supporting plaintiff's legal theory of recovery. *Twombly*, 550 U.S. at 556. When "it appears beyond doubt

that plaintiff cannot prove any facts that would support his claim for relief," a complaint must be dismissed. *Kennedy v. Nat'l Juvenile Detention Ass'n*, 187 F.3d 690, 694 (7th Cir. 1999) (internal citations omitted). *See also Independent Trust Corp. v. Stewart Info. Servs. Corp.,* 665 F.3d 930, 935 (7th Cir. 2012) (complaint must provide allegations that suggest a right to relief beyond the speculative level).

Plaintiff's Complaint does not contain allegations that state a claim for relief that is plausible on its face or that suggest a right to relief.

Plaintiff's Complaint should therefore be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's mere allegation regarding any sort of contract between the parties is an allegation in the paragraph that there was an "understanding" between the parties that they would split the proceeds of the reward between them like they would divide the Companies' profits. This is insufficient to state a basis for a breach of contract.

## CONCLUSION

For all of these reasons, Defendant Michael Sears respectfully requests that Plaintiff provide a more definite statement or, in the alternative, that Plaintiff's Complaint be dismissed in its entirety with prejudice.

Dated: August 22, 2014.

                                            Respectfully submitted,
                                            MICHAEL SEARS, Defendant

                                            By: _____/s/_____
                                                GEORGE S. BELLAS,
                                                One of Defendant's Attorneys

BELLAS & WACHOWSKI
Attorneys for Defendant
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030 x219