UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN TUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 CV 4699 |
| v. | ) | |
| | ) | |
| MICHAEL SEARS, | ) | Honorable Charles R. Norgle |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO RECONSIDER ORDER OF DECEMBER 3, 2014**

NOW COMEES the Defendant, MICHAEL SEARS, by and through his attorneys, BELLAS & WACHOWSKI, and respectfully requests that this Court reconsider the Order entered on December 3, 2014, which denied Defendant's Motion to Transfer Venue to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §§ 1406(a) and 1404(a). In support thereof, Defendant submits as follows:

**INTRODUCTION**

Plaintiff's claim arises from the Defendant's actions as a whistleblower for an action involving the Security and Exchange Commission ("SEC") under the Securities Whistleblower Incentives and Protection provisions of the Dodd Frank Act.

The Defendant does not reside in Illinois and has no connection to Illinois whatsoever. All of the actions which gave rise to Defendant's whistleblower activities took place outside of Illinois. Defendant became aware of a scam involving the sales of interests in a convention center project being built in Chicago and filed notice with the SEC of the scam in Washington D.C. After the SEC successfully recovered over $150 million for the investors, the Defendant learned that he would be given a monetary award for his actions. After learning of Defendant's award, Plaintiff

is now seeking a piece of Defendant's award. Plaintiff filed the instant action alleging breach of fiduciary duty (Count I), promissory estoppel (Count II), breach of implied contract (Count III), and accounting and constructive trust (Count IV).

In response, Defendant filed a Motion to Transfer Venue, which was fully briefed. This Court entered an Order denying Defendant's motion on December 3, 2014. A true and correct copy of said Order is attached hereto marked as "**Exhibit A**" and incorporated herein by reference. Defendant seeks for reconsideration of the Court's denial.

## STANDARD FOR MOTION

Courts in the Northern District of Illinois contemplate motions to reconsider interlocutory orders under Federal Rule of Civil Procedure 54(b), common law, and the court's inherent authority. *See Ramada Franchise Sys., Inc. v. Royal Vale Hospitality of Cincinnati, Inc.*, 2004 WL 2966948 at *3 (N.D. Ill. Nov. 24, 2004) (compiling cases). These cases hold that a motion to reconsider may be granted in the following circumstances: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Id.* (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Federal Rule of Civil Procedure 54(b) provides that an interlocutory order may be revised at any time before the entry of a final judgment adjudicating all claims and all parties' rights and liabilities. *See Marconi Wireless Tel. Co. of Am. v. United States*, 320 U.S. 1, 47-48 (1943). However, "[m]otions for reconsideration do not provide a party with the opportunity to take a

second bite at the apple or raise new arguments that it did not make in the first instance." *Ace Hardware Int'l Holdings, Inc. v. Masso Expo Corp.*, 2012 WL 182236, at *3 (N.D. Ill. Jan. 23, 2012) (citing *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th Cir. 2004)).

Reconsideration of an interlocutory order is within the trial court's sound discretion. *See Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co., LLC*, 224 F.Supp.2d 890, 891 (N.D. Ill. 2002).

## ARGUMENT

Plaintiff has asserted that venue is proper in Illinois because he filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). The Court's analysis focused on irrelevant facts when making a determination as to whether Illinois is a proper venue. The ruling focused on the Plaintiff's actions instead of the Defendant's actions and the formation of the alleged agreement. Instead, the analysis should have focused on the Defendant's actions and where and when the agreement was formed.[1] The alleged agreement is the basis for all of Plaintiff's claim. Thus, the Defendant's actions, the formation of the alleged agreement and where those actions took place should be the focus for a venue analysis. Facts regarding actions taking place after the alleged agreement was formed should be disregarded and should not considered in the analysis as they are not relevant to the formation of the alleged agreement. When looking at the facts relating to the formation of the alleged agreement, the only conclusion to arrive at is that none of the events giving rise to the Plaintiff's cause of action occurred in Illinois.

---

[1] Defendant still contends that there was never an agreement between the parties. However, for purposes of this Motion, Defendant asserts that the formation of any alleged agreement between the party should have been the Court's focus for its analysis regarding venue.

I. **TRANSFER IS PROPER UNDER 28 U.S.C. § 1406(a).**

    A. **A Substantial Part of the Events Giving Rise to Plaintiff's Contract Claim Occurred Outside of Illinois.**

In making a determination where a substantial part of the events giving rise to the claim arose, the court should focus on the activities of the Defendant, not those of the Plaintiff, as the venue statute is intended to protect the interests of Defendants. *Jenkins Brick Co. v. Bremer*, 312 F.3d 1366 (11th Cir. 2003) (criticizing cases for applying analysis with flavor of "minimum contacts" personal jurisdiction analysis).

Other courts in the Northern District of Illinois have ruled that in determining whether a substantial part of the events giving rise to a plaintiff's contract claim occurred or did not occur in a particular district, "'the factors that the courts tend to focus on include: where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred.'" *Bank v. Walker*, 741 F.Supp.2d 912 (N.D. Ill. 2010) citing 14D Wright Miller & Cooper, Federal Practice & Procedure, § 3806.1, at 205-12 (2007); *Gulf Insurance Co. v. Glasbrenner*, 417 F.3d 353, 357 (2nd Cir. 2005).

In *Walker*, the Court ruled, "[t]he fact that Mr. Walker flew to Illinois to sign some documents and then flew back to Nevada is not substantial when the agreements were solicited and negotiated in Nevada, the money went to a Nevada company, and all the purported wrongdoing concerning that money—the acts that truly gave rise to the Bank's lawsuit—happened in Nevada." *Id.* at 917.

This Court's ruling incorrectly focused on the sparse actions of the Plaintiff instead of focusing on the actions of the Defendant – none of which took place in Illinois. The Defendant would have negotiated the alleged agreement from Virginia. The agreement was to be performed

in Virginia where the SEC whistleblower action was filed and the alleged breach – Defendant's nonpayment of the whistleblower award to Plaintiff – would have occurred in Virginia.

This Court relied upon two facts in support of its ruling that venue is proper in Illinois: (1) that phone calls and email communications relating to the alleged agreement were sent from Defendant (in Virginia) directed to Plaintiff (in Illinois); and (2) that Plaintiff met with Defendant at O'Hare International Airport (which occurred while Plaintiff was on a layover, was done for settlement purposes only and after any alleged agreement had been formed). *See* Declaration of Michael Sears, ¶ 12.

This Court stated that for venue to be proper a substantial part of the events giving rise to the claim needs to have occurred in the venue. *See* Exhibit A, Section II(B). In support of its ruling, the Court cited: "[t]he requirements of [§ 1391(b)(2)] may be satisfied by a communication transmitted to or from the district in which the cause of action was filed, given a sufficient relationship between the communication and the cause of action." *Interlease Aviation Investors II LLC v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898 (N.D. Ill. 2003).

The Court ruled that because the alleged agreement was made through telephone conversations and email communications from Defendant directed to Plaintiff who was located in Illinois, venue in Illinois is proper. However, when considering the relevant facts, the inapposite conclusion must be reached. The Court failed to make any determination as to where the contract was negotiated or executed, where the contract was to be performed, and where the alleged breach occurred. Once these determinations are made, it is clear that Virginia is the proper venue.

The Plaintiff's sole allegation regarding the negotiation or execution of the agreement alleges:

> In discussions held in February 2013, Sears, Tung and Kolodner determined that they would apply for a whistleblower award with the SEC and that Sears, with the assistance of the Companies' attorney, would take the lead in preparing and submitting the application for such award (the "Application"). Sears, Tung and Kolodner discussed and understood that, upon receipt of any whistleblower award, all three would share division of the award, consistent with division of the Companies' profits. *See* Plaintiff's Complaint, ¶ 35.

Plaintiff's Complaint contains no allegations as to where these alleged discussions took place or exactly when any such alleged agreement was formed. Instead, the Court relied upon emails and telephone conversations that related to Tung's alleged involvement with gathering information for the SEC. The "emails" consist of two emails sent on November 29th and 30th in which Defendant asks Plaintiff to take pictures. *See* Exhibit A to Plaintiff's Opposition to Defendant's Motion to Transfer Venue. Any other actions allegedly taken by Tung do not relate to the formation of the alleged agreement, and, thus, should not be considered when determining venue.

Moreover, Plaintiff had no contact with the SEC – Defendant, on his own accord, filed notice of the possible fraud with the SEC. *See* Declaration of Michael Sears, ¶ 7. Defendant is the only person that had contact with the SEC and none of these contacts occurred in Illinois. *Id.* at ¶¶ 7, 8. Additionally, no conversations between the Plaintiff and Defendant that relate to Plaintiff's claims took place until after the SEC had already granted Defendant the whistleblower award. *Id.* at ¶ 12. These "connections" to Illinois cannot be considered substantial and do not warrant Illinois a proper venue. When the focus shifts to the actions taken by the Defendant the connection to Illinois is even further diluted. All actions relating to the whistleblower action by the Defendant were taken in Virginia and directed towards Washington D.C., not Illinois.

The alleged agreement was to split the proceeds from any whistleblower award. Plaintiff further alleges that the Companies' attorney would be assisting in preparing and submitting the application – an attorney that is located in Baltimore, Maryland. However, the whistleblower complaint was filed with the SEC in Washington DC, not by the Companies' attorney, but by Defendant, in Virginia, without Plaintiff's prior knowledge. The whistleblower award was awarded in Washington D.C. to the Defendant, in Virginia. Therefore, any agreement to share the proceeds of that whistleblower award would have had to be performed where the Defendant was located – in Virginia.

Plaintiff has alleged that Sears failed to distribute the award pursuant to the parties' agreement. *See* Plaintiff's Complaint, ¶ 42. Significantly, Sears was located in Virginia at the time he received the award and he would have had to distribute the monies pursuant to any alleged agreement from Virginia. The alleged failure of Sears to do so constitutes the basis of Plaintiff's alleged breach of the agreement. Therefore, any breach of the alleged agreement would have occurred in Virginia.

The fact that Defendant met with the Plaintiff at O'Hare International Airport is irrelevant to the venue determination as it happened after any alleged agreement was entered into. In fact, the meeting occurred immediately before this action was commenced and was for settlement purposes only and occurred when Sears had a layover on a cross-country flight back to Virginia. *See* Declaration of Michael Sears, ¶ 12. Therefore, it should not have been used as a basis for this Court's determination that Illinois is a proper venue.

The facts relating to the formation, performance and breach of the alleged agreement occurred in Virginia. Thus, venue is not appropriate in Illinois.

**II.      TRANSFER IS PROPER UNDER 28 U.S.C. § 1404(a).**

      **A.      The Focus on the Underlying SEC Action is Misguided.**

Under Section 1404(a), transfer is appropriate when: (1) venue is proper in the transferor district, (2) venue and jurisdiction are proper in the transferee district, and (3) the transfer is for the convenience of the parties and witnesses and in the interest of justice. *Heller Financial, Inc. v. Riverdale Auto Parts*, 713 F. Supp. 1125, 1127 (N.D. Ill. 1989).

This Court's ruling placed emphasis on the fact that the underlying SEC action was in the Northern District of Illinois. The fact that the underlying SEC action was prosecuted in Illinois is a red herring. That matter has little to do with the claims of the Plaintiff. At the core of Plaintiff's claims is an alleged agreement between the parties regarding a different SEC action – a whistleblower action filed solely by the Defendant in Washington D.C. All correspondence regarding the whistleblower action was done by the Defendant from Virginia to the SEC in Washington D.C. Therefore, the documents and records that would be requested by either party would be located in Virginia and/or Washington D.C., not Illinois. The witnesses – the Defendant and any SEC personnel – are located in Washington D.C. Virginia's interest in deciding this controversy is greater than Illinois. The sole connection is that the Plaintiff is located in Illinois. The parties' company and all business related thereto are outside of Illinois.

The material events simply did not take place in Illinois. The relevant conduct took place in Virginia or Washington D.C. Thus, Virginia is a more convenient forum for the parties and the witnesses.

**CONCLUSION**

Based on the foregoing, Illinois is not the proper venue because a substantial portion of the events giving rise to Plaintiff's claims did not take place in Illinois. Additionally, the more

appropriate and more convenient venue lies in the Eastern District of Virginia. Thus, the Court's denial of Defendant's Motion to Transfer should be reversed.

Dated: January 2, 2015.

                                      Respectfully submitted,

                                      MICHAEL SEARS, Defendant

                                      By: _____/s/_____
                                              GEORGE S. BELLAS,
                                              One of Defendant's Attorneys

George S. Bellas (*george@bellas-wachowski.com*)
Misty J. Cygan (*misty@bellas-wachowski.com*)
BELLAS & WACHOWSKI
Attorneys for Defendant
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9030